the other plaintiff for $25 "to satisfy my part of judgment" (describing it). The defendant testified that these were the only payments made on the judgment.

Herman H. Baker, for plaintiffs.

George M. Osgoodby, for defendant.

GAYNOR, J. It is elementary that the payment of part does not satisfy the whole of a liquidated debt, although offered, accepted and receipted for in full. Ryan v. Ward, 48 N. Y. 204, 8 Am. Rep. 539.

A verdict is directed for the plaintiffs.

---

### RILEY v. METROPOLITAN ST. RY. CO.

#### (Supreme Court, Appellate Term.   October, 1901.)

CORPORATIONS—TRIAL—PARTIES—CORPORATE CAPACITY—NECESSITY OF PROOF.
  Under Code Civ. Proc. § 1776, providing that the plaintiff in an action against a corporation need not prove its corporate existence unless the answer contains an affirmative allegation that it is not a corporation, the plaintiff in an action in the municipal court against a corporation, in which the pleadings are oral and the answer merely a general denial, is not required to prove the corporate existence of the defendant.

Appeal from municipal court, borough of Manhattan.

Action by Susie Riley against the Metropolitan Street Railway Company. From a judgment of the municipal court of the city of New York in favor of the plaintiff, the defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and McADAM, JJ.

G. Glenn Worden, for appellant.

E. H. Ball, for respondent.

GILDERSLEEVE, J. This is an appeal from a judgment of the municipal court for the sum of $200 damages and costs in favor of the plaintiff for personal injuries. The pleadings were oral. The answer was a general denial. The judgment is assailed by the defendant upon two grounds, viz.: (1) That there is no evidence of the defendant's incorporation; and (2) that there is no evidence that the defendant operated, managed, controlled, or was in any way connected with the car upon which the plaintiff claims to have been injured.

The evidence shows that the plaintiff was injured while alighting from a street car on the Eighth Avenue Railroad near Forty-Fourth street, in the borough of Manhattan. At the close of the plaintiff's case the defendant's counsel moved to dismiss the complaint upon the grounds, among others, that the plaintiff had failed to show that the defendant in this action was a corporation, and, further, that the plaintiff had failed to show that the defendant was operating or controlling the line of railroad upon which the car in question was running at the time of the accident. The motion was denied, and the defendant excepted. The defendant rested its case without introducing any

evidence, and renewed the motion to dismiss, which was again denied, and an exception taken.

The denial by the defendant in its answer was general, and not specific, and therefore insufficient to require proof on the part of the plaintiff of defendant's corporate character. Code Civ. Proc. § 1776; Taendstickfabriks Aktiebolaget Vulcan v. Myers, 34 N. Y. St. Rep. 122, 11 N. Y. Supp. 663.

We think, however, that the second ground, urged by defendant for a dismissal of the complaint was well taken. There is no evidence in the case to connect the defendant, the Metropolitan Street Railway Company, with the operation or control of the car upon which plaintiff was injured. This defect was specifically pointed out in the motion to dismiss, and no attempt was made to supply the necessary proof. It must be said, therefore, that the exception to the denial of the motion to dismiss on this ground was well taken. The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.